[Civ. No. 6495. Second Appellate District, Division One.—May 13, 1931.]

ARMAND MONACO, Appellant, v. PEOPLES NATIONAL BUILDING, INC. (a Corporation), Respondent.

Phil S. Gibson for Appellant.

Woodruff, Musick & Hartke and H. L. Pratt for Respondent.

HOUSER, J.—Among other necessary allegations, the complaint in the action which supplies the basis for this appeal contains appropriate averments to the effect that plaintiff, as an architect, and the defendant, as a corporation, entered into a certain contract (a copy of which was annexed to and made a part of such complaint) regarding specified architectural services proposed to be performed by the plaintiff for the defendant in connection with the anticipated construction by the latter of a building; also, "that pursuant to said contract, plaintiff prepared preliminary sketches and drawings for the said building and submitted the same to the defendant herein, and said sketches and drawings were then and there accepted by defendant, and

defendant paid plaintiff $1,000.00 on account of services rendered pursuant to the terms of said contract; thereupon and at all times thereafter plaintiff was ready, able and willing, and offered, to perform all conditions upon his part to be performed according to and as required by the terms of said agreement, but that defendant thereafter breached said contract and refused to permit plaintiff to perform any more of such conditions upon his part to be performed and without cause discharged plaintiff and proceeded to erect and construct said building at a cost, as plaintiff is informed and believes and upon that ground alleges, of $446,055.00. . . .

"That after breach of said contract by defendant and prior to the commencement of this action, defendant paid to and/or for plaintiff the further sum of $1500.00. . . ."

By reason of the allegations contained in the complaint, plaintiff demanded judgment against the defendant for the sum of $16,602.75.

A demurrer interposed by the defendant to the complaint on the ground that it failed to state a cause of action was sustained by the trial court. Following the failure of plaintiff to amend the complaint, the action was ordered dismissed and judgment rendered in favor of the defendant. It is from such judgment that the appeal herein is taken.

■ It is conceded by the parties to the action that the legality of the judgment depends upon the construction which should be given to the fourth paragraph of the contract entered into between plaintiff and the defendant, a copy of which being as follows, to wit:

"The architect's fee or compensation for said services shall be payable as follows: One Thousand Dollars ($1,000) upon completion by the architect and acceptance by the owner of preliminary drawings; and, upon completion by the architect and acceptance by the owner of specifications and general working drawings (provided the architect has received written orders from the owner to complete the specifications and general working drawings after submission and acceptance of preliminary drawings), there shall be payable to the architect an additional sum which, together with the One Thousand Dollars ($1,000) theretofore received, shall be equal to two and one-half per cent (2½%) of the estimated cost of the building, but, in the event the services of the architect are not availed of by the owner

after the completion of preliminary drawings, there shall be payable to the architect, upon notice to him that his services will not be further availed of, the sum of Fifteen Hundred Dollars ($1500) in addition to the One Thousand Dollars ($1000) above mentioned. In the event the services of the architect be not availed of after completion by him and acceptance by the owner of specifications and general working drawings, there shall be payable to him, upon notice that his services will not be further availed of, a further sum, which together with the amounts previously received by him shall aggregate a sum equal to three per cent (3%) of the estimated cost of the building. From time to time during the execution of the work, further payment shall be made to the architect in proportion to the amount of service rendered by him, which additional payment shall be at the rate of two per cent (2%) of the respective amounts specified in the architect's certificates as these are issued to the contractor which certificates are to be based upon the cost of the building during the period covered by the certificates respectively. In the event the architect be discharged by the owner without cause the architect shall be entitled to receive the full compensation that would be payable to him had he fully performed this contract, unless he be discharged because the erection of the proposed building is abandoned, in which event he shall be entitled to receive compensation as is hereinbefore provided. The aggregate of all payments to the architect shall not, however, exceed five per cent (5%) of the final cost of the work.''

It is the contention of appellant that in the erection of the proposed building such provision of the contract of employment rendered it a ''continuous'' obligation on the part of the defendant to employ plaintiff as architect; that the contract was ''an entire one''; and that as to its several provisions, they were not severable one from either or any of the others.

But on perusal of said fourth paragraph of the contract of the parties to which reference herein has been had, it appears that the compensation to be paid to plaintiff for his various services depended upon the happening of certain specified events as follows:

(1) After the completion by plaintiff of the *preliminary* drawings of the building, such drawings *must be accepted*

*by the defendant* before plaintiff shall become entitled to be paid the sum of $1000.

(2) After such acceptance by the defendant of the *preliminary* drawings, if the defendant *gives written orders* to plaintiff to *complete the specifications and working drawings,* plaintiff shall be paid two and one-half per cent of the estimated cost of the building, etc.

"But, in the event the services of the architect *are not availed of . . .* after the completion of *preliminary* drawings," the plaintiff shall receive $1500, in addition to the $1,000 already payable.

(3) If *after* plaintiff has completed the *specifications and general working drawings,* the defendant *should not avail itself* of the services of plaintiff, a specified further compensation shall be paid to the plaintiff.

(4) "From time to time *during the execution of the work"* (on the building), further payment shall be made to the architect.

(5) *In the event the architect be discharged by the owner without cause,* etc., the architect shall be entitled to receive full compensation, etc.

Thus it becomes clear that after the "acceptance" by the defendant of the *preliminary* sketches by plaintiff of the proposed building, and before further employment of plaintiff for the purpose of proceeding with the preparation of "specifications and general working drawings" would have become binding upon the defendant, the approval and authorization of the defendant must have been made manifest by "written orders from the owner to complete the specifications and general working drawings." Aside from such express provision in the contract, the intention of the parties regarding the divisibility of the contract was made further apparent by the provisions thereof relating to what compensation should be paid to the architect "in the event the services of the architect *are not availed of* by the owner after the completion of the *preliminary drawings."* Likewise as to such compensation "in the event the services of the architect *be not availed of* after the completion by him and acceptance by the owner of *specifications and general working drawings."*

Appellant directs attention to the clause of the contract which provides for compensation of the architect "in

the event the architect be discharged by the owner without cause''; and contends that such provision implies that after the execution of the contract, at no stage of the work could the owner ''discharge'' the architect without cause, except by incurring the liability for ''full compensation that would be payable to him had he fully performed this contract''.

But from a reading of the contract it is plain that such provision was intended to apply only in the event that after the completion by the architect of the specifications and general working drawings he was not notified ''that his services will not be further availed of''; and, as hereinbefore noted, the architect was to be considered as employed to prepare ''specifications and general working drawings'' only after he had ''received written orders from the owner'' so to do.

In the opinion of this court, none of the several contentions of appellant can be upheld.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.